UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| In re WILLIAM MATTHEW DUGO, | CIV. NO. 2:15-01989 WBS |
|---|---|
| Debtor. | BANKR. NO. 14-22435-A-7 |
| | MEMORANDUM AND ORDER RE: MOTION FOR STAY PENDING APPEAL |
| BANK OF STOCKTON, | |
| Plaintiff, | |
| v. | |
| WILLIAM MATTHEW DUGO, | |
| Defendant. | |

----oo0oo----

Plaintiff Bank of Stockton, a secured creditor, brought an adversary action against defendant and debtor William Matthew Dugo, seeking a determination that the obligation defendant owes plaintiff is not dischargeable.  Plaintiff now seeks a stay pending appeal pursuant to Federal Rules of Bankruptcy Procedure

1

1  7062, 8007(b) and Federal Rule of Civil Procedure 62.  (Docket

2  No. 5.)

3  I.   Factual and Procedural Background

4        In 2007, plaintiff made loans to defendant to be used

5  in defendant's livestock operation, including a line of credit.

6  (Compl. ¶¶ 12, 16 (Bankr. Docket No. 12).)  Defendant pledged his

7  livestock to plaintiff as security.  (Id. ¶ 14.)  The loan

8  matured and defendant failed to repay all amounts due.  (Id.

9  ¶ 45.)  Defendant filed a voluntary petition for Chapter 7

10  bankruptcy on March 11, 2014.  (Bankr. Docket No. 1.)

11        Plaintiff brought an adversary action against defendant

12  alleging willful and malicious injury by the debtor, 11 U.S.C.

13  § 523(a)(6); extension, renewal, or refinancing of credit

14  obtained by use of a false statement in writing, 11 U.S.C.

15  § 523(a)(2)(B); and that the obligation defendant owed plaintiff

16  was not dischargeable.  (Compl. ¶¶ 9, 105-19, 120-27.)  The

17  bankruptcy court ruled in favor of defendant and plaintiff filed

18  a notice of appeal.  (Docket No. 1.)

19        Defendant then filed a motion with the bankruptcy court

20  for attorney's fees of $19,340, and plaintiff moved for a stay of

21  the adversary proceeding pending appeal.  (Nally Decl. Ex. A, Tr.

22  of Nov. 10, 2015 Bankruptcy Ct. Proceedings before Judge David E.

23  Russell ("Bankr. Ct. Tr.") at 3:16-17, 10:22 (Docket No. 5-3).)

24  Judge Russell denied plaintiff's motion for a stay and awarded

25  defendant's attorney, Douglas Jacob, $15,000 as "partial

26  reimbursement for the total [attorney's] fees incurred."  (Id. at

27  11:7, 11:23, 12:5-6.)  According to defendant's attorney's

28  testimony at the February 8, 2016 hearing, this money was to be

1   put into a trust payable to him.  Judge Russell explained that he

2   was not making a "final order" because "[a]t the conclusion of

3   the litigation in this matter the Court will make a final

4   determination upon motion of the parties for the final resolution

5   of attorney's fees."  (Id. at 11:10, 12:24-25, 13:1.)  Thus, if

6   defendant prevails on appeal, it seems to be the understanding

7   that defendant will have a right to the full amount of fees later

8   to be determined by the bankruptcy judge and, likewise, if

9   plaintiff prevails, it can recoup the costs from defendant's

10  attorney.  (Id. at 11:11-14, 12:14-19.)

11        Plaintiff now seeks a stay pending appeal of further

12  adversary proceedings in bankruptcy court and the bankruptcy

13  court's order granting defendant attorney's fees pursuant to

14  Federal Rule of Civil Procedure 62(d).  (Def.'s Notice at 2

15  (Docket No. 5).)  Plaintiff also requests the court waive the

16  requirement of a supersedeas bond.  (Id.)  Defendant opposes the

17  motion.  (Def.'s Opp'n (Docket No. 6).)

18  II.  Discussion

19        Parties may obtain a stay of monetary judgments as a

20  matter of right by filing a supersedeas bond.  Fed. R. Civ. P.

21  62(d); In re Swift Aire Lines, Inc., 21 B.R. 12, 14 (9th Cir.

22  1982) (finding that Bankruptcy Rule 805 "does not exclude stays

23  as a matter of right in bankruptcy"); see also Bolt v. Merrimack

24  Pharms., Inc., Civ. No. 04-0893 WBS DAD, 2005 WL 2298423, at *2

25  (E.D. Cal. Sept. 20, 2005) (explaining the Federal Rules of Civil

26  Procedure impose distinct standards for stays of monetary

27  judgments and stays of judgments involving injunctions).

28  Therefore, if a bond is filed, the function of the court is

3

1  "limited to passing on the sufficiency of the supersedeas bond

2  and the adequacy of the sureties."  In re Swift Aire Lines, 21

3  B.R. at 14.  "The posting of a bond protects the prevailing

4  [party] from the risk of a later uncollectible judgment and

5  compensates him for delay in the entry of the final judgment."

6  Nat'l Labor Relations Bd. v. Westphal, 859 F.2d 818, 819 (9th

7  Cir. 1988).

8          The district court may also, in its "sound discretion,"

9  grant a stay without a bond in "unusual circumstances."  Fed. R.

10  App. P. 8(a)-(b); Fed. Prescription Serv., Inc. v. Am. Pharm.

11  Ass'n, 636 F.2d 755, 760-61 (D.C. Cir. 1980) (finding the

12  district court did not abuse its discretion in granting an

13  unsecured stay where the net worth of the judgment debtor was

14  forty-seven times the amount of the damage award).  The burden is

15  on the appellant to demonstrate the reasons for "depart[ing] from

16  the usual requirement of a full security supersedeas bond."

17  Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,

18  600 F.2d 1189, 1190 (5th Cir. 1979).

19          Courts addressing a motion for an unsecured stay under

20  Rule 62(d) have expressed a willingness to grant such requests

21  when: (1) the party's "ability to pay is so plain that the cost

22  of the bond would be a waste of money" or (2) "the requirement

23  would put the [party's] other creditors in undue jeopardy."

24  Olympia Equip. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir.

25  1986); Brooktree Corp. v. Advanced Micro Devices, Inc., 757 F.

26  Supp. 1101, 1104 (S.D. Cal. 1990); cf. Bolt, 2005 WL 2298423, at

27  *2-3 (denying defendant's motion for an unsecured bond because

28  defendant was not a liquid company that could respond quickly to

4

1  a judgment against it and it failed to produce evidence of

2  impracticability).

3       In this case, plaintiff argues it is entitled to a stay

4  as a matter of right pursuant to Federal Rule of Civil Procedure

5  62(d) but contends a bond is not necessary and would be a waste

6  of money because the Bank of Stockton "unquestionably has

7  sufficient assets to pay the totality of" defendant's attorney's

8  fees if defendant prevails on appeal.  (Pl.'s Mem. at 4 (Docket

9  No. 5-1).)  As evidence of its ability to pay, plaintiff submits

10  a copy of the "Selected Financial Data" report published by the

11  Division of Financial Institutions of the California Department

12  of Business Oversight, which reports that the Bank of Stockton

13  had $2,412,663 total assets as of June 30, 2015.  (Nally Decl.

14  Ex. C (Docket No. 5-5).)  In addition, defendant argues that it

15  is a federally insured financial institution licensed by the

16  California Division of Financial Institutions and the Federal

17  Deposit Insurance Corporation.  (Pl.'s Mem. at 2-3.)

18       From the evidence presented, the court cannot conclude

19  that plaintiff's "ability to pay is so plain that the cost of the

20  bond would be a waste of money."  Olympia Equip., 786 F.2d at

21  796.  Though plaintiff has $2,412,663 in assets, plaintiff failed

22  to establish how its assets compare to its liabilities.

23  Plaintiff was unable to provide any clarity on this matter at the

24  February 8, 2016 hearing.  The court cannot determine plaintiff's

25  financial solvency or what its ability to pay will be upon

26  resolution of this case based on the information provided.  The

27  court must therefore deny plaintiff's request to waive the bond.

28       Accordingly, the court will grant plaintiff's motion

1   for a stay on the condition that it post a supersedeas bond in

2   the amount of $24,175.  According to Local Rule 151, "a

3   supersedeas bond shall be 125 percent of the amount of the

4   judgment unless the Court otherwise orders."  E.D. Cal. Local R.

5   151(d).  Defendant requested $19,340 in attorney's fees and Judge

6   Russell seems to have arbitrarily settled on a "partial order" of

7   $15,000 without "taking a really close look at it."  (Bankr. Ct.

8   Tr. 11:13-14.)  As a result, this court will require a

9   supersedeas bond that is 125 percent of $19,340--the total

10  attorney's fees requested by defendant.

11      The bankruptcy judge's order that plaintiff pay

12  defendant $15,000 in attorney's fees is therefore stayed pending

13  appeal.  To the extent the bankruptcy judge may have intended the

14  $15,000 to serve as an equitable form of a bond, as defendant

15  argues, the court gives deference to Judge Russell's intent but

16  must vacate that portion of his order.  (See Def.'s Opp'n at 3.)

17  The bankruptcy court did not have authority to deny plaintiff's

18  request for a stay and order plaintiff to immediately pay $15,000

19  into a trust for defendant's attorney simply because the court

20  was "more sympathetic to" defendant because defendant had won the

21  case, had very few funds, and was now being forced to incur more

22  fees due to plaintiff's appeal.  (Bankr. Ct. Tr. at 5:19-23.)

23      IT IS THEREFORE ORDERED that plaintiff's motion for a

24  stay pending appeal of further adversary proceedings in

25  bankruptcy court and enforcement of the bankruptcy court order

26  granting defendant attorney's fees be, and the same hereby is,

27  GRANTED, upon the condition that plaintiff post a supersedeas

28  bond in the sum of $24,175 within thirty days from the date this

1 Order is signed;

2       AND IT IS FURTHER ORDERED that the bankruptcy court's

3 order that plaintiff pay $15,000, or any amount whatsoever, into

4 a trust account for defendant's attorney be, and the same hereby

5 is, VACATED AND SET ASIDE.

6 Dated:  February 9, 2016

7         WILLIAM B. SHUBB
        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28